**Alice E. SLATER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3245.

United States Court of Appeals,
Federal Circuit.

Nov. 7, 2001.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

### DECISION

PER CURIAM.

Alice E. Slater petitions for review of a final decision of the Merit Systems Protection Board, Docket No. DC–831E–00–0230–I–1, 2001 WL 288703, in which the Board affirmed the decision of the Office of Personnel Management ("OPM") deny-ing Ms. Slater's application for disability annuity benefits. We *affirm.*

### BACKGROUND

Ms. Slater was employed as a contact representative, GS–8, with the Social Security Administration. On December 1, 1997, she was removed from that position based upon charges involving disrespect, disruptive conduct, and misuse of government property. On November 22, 1998, Ms. Slater filed an application for disability retirement benefits with OPM. On the basis of submitted medical documentation, Ms. Slater claimed that she suffered from multiple sclerosis and fluctuating acute anxiety, and that those conditions caused deficiencies with respect to her attendance and conduct, due primarily to fatigue and stress.

On March 16, 1999, OPM denied Ms. Slater's application. OPM found that she had failed to establish a medical condition of sufficient severity to prevent her from performing the essential duties of her position. Ms. Slater subsequently submitted additional medical documentation in support of her request for OPM to reconsider its initial decision. In its reconsideration decision, OPM again found that Ms. Slater had failed to establish that her medical condition was of sufficient severity to entitle her to disability retirement. Ms. Slater appealed that decision to the Merit Systems Protection Board, which upheld OPM's decision.

### DISCUSSION

On appeal, Ms. Slater argues that the Board failed to properly consider the entirety of the evidence submitted to OPM. Specifically, Ms. Slater argues that the medical documentation she submitted to OPM establishes her entitlement to disability benefits by a preponderance of the evidence, and she references a number of medical statements in the record that pur-

888

portedly demonstrate that the Board was wrong to affirm the OPM decision. This court, however, does not have the power to address those arguments. In *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that this court lacks the authority to review the factual underpinnings of decisions that deny disability retirement applications. Instead, our power of review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791, 105 S.Ct. 1620 (internal quotations omitted). Accordingly, insofar as Ms. Slater challenges the Board's consideration of the facts, we cannot review the Board's determination that Ms. Slater failed to establish that she had a disabling medical condition.

Ms. Slater also argues that the Board failed to follow proper procedure because it ignored the additional medical documentation she submitted in connection with her request for reconsideration by OPM. Contrary to her assertions, however, the administrative law judge expressly noted that Ms. Slater had submitted additional medical evidence in connection with her request for reconsideration of OPM's initial decision and even discussed the significance of one piece of such documentation, the letter provided by Dr. G. Brown Goode. There is no basis to conclude that the administrative law judge ignored that evidence. Accordingly, we cannot agree that there has been a substantial departure from important procedural rights or some error going to the heart of the administrative process. We affirm the Board's decision.